UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WILLIAM AYERS,
Plaintiff

V.

C.P. BOURG, INC.,
Defendant

CIVIL ACTION NO. 04-10137-MLW

## ANSWER AND JURY DEMAND

The defendant, C.P. Bourg, Inc. ("C.P. Bourg"), hereby responds to the allegations in the Plaintiff's Complaint.

1.    C.P. Bourg denies that the plaintiff is entitled to the relief sought and denies that it engaged in any illegal or inappropriate conduct in connection with the plaintiff's employment with and separation from C.P. Bourg.

2.    C.P. Bourg denies the allegations in this paragraph.

3.    C.P. Bourg denies that the plaintiff is entitled to the relief sought and denies that it engaged in any illegal or inappropriate conduct in connection with the plaintiff's employment with and separation from C.P. Bourg.

## PARTIES

4.    C.P. Bourg is without information sufficient to respond to the allegations in this paragraph.

5.    C.P. Bourg admits the allegations in this paragraph.

6.    This paragraph states a conclusion of law to which no response is necessary.

{H:\PA\Lit\01126\15042\A0710489.DOC}

7. C.P. Bourg admits that it employs more than fifty (50) people. The remaining allegations in this paragraph are conclusions of law to which no response is necessary.

8. This paragraph states a conclusion of law to which no response is necessary.

## JURISDICTION AND VENUE

9. C.P. Bourg denies the allegations in this paragraph.

10. C.P. Bourg admits that the plaintiff filed a Complaint with the EEOC and that on or about December 17, 2003, the EEOC issued a Notice of Right to Sue to the plaintiff. C.P. Bourg also admits that on or about August 15, 2003, the Massachusetts Attorney General's Office issued a letter authorizing private suit by the plaintiff on his claims. C.P. Bourg denies the remaining allegations in this paragraph and denies that the plaintiff has established any basis for pursuing a private right of action against C.P. Bourg.

11. C.P. Bourg admits that it conducts business and has substantial contacts in Massachusetts. Otherwise, C.P. Bourg denies the remaining allegations in this paragraph.

## STATEMENT OF FACTS

12. C.P. Bourg admits it employed the plaintiff during the period between 1994 and 2002 and that during his employment he held several positions and, from time to time, received increases in his compensation. C.P. Bourg denies the remaining allegations in the Complaint.

13. C.P. Bourg admits that the plaintiff was hired as a Sales Representative in 1994 and was promoted to the position of New England Branch Manager in 1996. C.P. Bourg denies the remaining allegations in this paragraph.

14. C.P. Bourg admits the plaintiff was promoted to the position of New England Branch Manager in 1996. C.P. Bourg denies the remaining allegations in this paragraph.

15. C.P. Bourg admits the allegations in this paragraph.

16. C.P. Bourg denies the allegations in this paragraph.

17. C.P. Bourg denies the allegations in this paragraph.

18. C.P. Bourg denies the allegations in this paragraph.

19. C.P. Bourg denies the allegations in this paragraph.

20. C.P. Bourg denies the allegations in this paragraph.

21. C.P. Bourg admits that it offered a position to the plaintiff in October 2001 but denies the remaining allegations in this paragraph.

22. The plaintiff asked to be returned to full time employment. Otherwise, C.P. Bourg denies the remaining allegations in this paragraph.

23. C.P. Bourg admits that the plaintiff became a Digital Account Specialist in January 2002 reporting to James Tressler and that he had several accounts on which he was assigned to work. C.P. Bourg denies the remaining allegations in this paragraph.

24. C.P. Bourg denies the allegations in this paragraph.

25. C.P. Bourg admits the plaintiff was not given a raise in April 2002. C.P. Bourg denies the remaining allegations in this paragraph.

26. C.P. Bourg admits the plaintiff was not given a raise in April 2002. C.P. Bourg denies the remaining allegations in this paragraph.

27. C.P. Bourg denies the allegations in this paragraph.

28. C.P. Bourg denies the allegations in this paragraph.

29. C.P. Bourg denies the allegations in this paragraph.

30. C.P. Bourg admits that the plaintiff was terminated in October 2002. C.P. Bourg denies the remaining allegations in this paragraph.

31. C.P. Bourg denies the allegations in this paragraph.

32. C.P. Bourg admits the allegations in this paragraph.

33. C.P. Bourg admits that other sales employees were terminated at or about the time the plaintiff was terminated but is unable to respond to the remaining allegations in the paragraph as they are overly vague.

34. C.P. Bourg denies the allegations in this paragraph.

35. C.P. Bourg denies the allegations in this paragraph.

36. C.P. Bourg admits the allegations in this paragraph.

37. C.P. Bourg denies the allegations in this paragraph.

38. C.P. Bourg denies the allegations in this paragraph.

39. C.P. Bourg denies the allegations in this paragraph.

40. C.P. Bourg denies the allegations in this paragraph.

41. C.P. Bourg denies the allegations in this paragraph.

42. C.P. Bourg denies the allegations in this paragraph.

### PRAYER FOR RELIEF

C.P. Bourg denies the plaintiff is entitled to the relief sought.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies or satisfy all conditions precedent to bringing suit in this matter.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has not earned the compensation he alleges was due to him.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of estoppel and waiver.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate any alleged damages.

### DEMAND FOR JURY TRIAL

C.P. Bourg demands a jury trial on all claims raised by the plaintiff.

WHEREFORE, C.P. Bourg, Inc. requests that the plaintiff's Complaint be dismissed and C.P. Bourg be awarded such costs and fees as this Court deems appropriate.

C.P. BOURG, INC.

By its attorneys,

_____
Richard C. Van Nostrand, Esq.
BBO #507900
Michael D. Badger, Esq.
BBO #633915
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: May 19, 2004

## CERTIFICATE OF SERVICE

    I, Michael D. Badger, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Suzanne Garrow, Esq., Heisler, Feldman & McCormick, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103.

                                                Michael D. Badger, Esq.

Dated: May 19, 2004