UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-cv-10137-MLW

WILLIAM AYERS,

        Plaintiff,

v.

C. P. BOURG, INC.

        Defendant.

AMENDED COMPLAINT
and
DEMAND FOR JURY

## INTRODUCTION

1.  Plaintiff William Ayers ("Mr. Ayers") brings this action for equitable relief, compensatory and liquidated damages against C.P. Bourg, Inc. ("C.P. Bourg") under the Age Discrimination in Employment Act ("ADEA") and for compensatory and treble damages under the Massachusetts laws prohibiting untimely and non-payment of wages, G.L. c. 149 § 148.

2.  While employed at C.P. Bourg, Mr. Ayers was subjected to discriminatory actions and omissions by the defendant culminating in a discriminatory termination and a denial of earned commissions.

3.  Mr. Ayers seeks equitable relief designed to assure that the defendant discontinues policies and practices which serve to foster discrimination against employees in the protected age classification. He seeks compensation for the grave harm he has suffered and continues to suffer as a result of the

discriminatory actions and omissions of the defendant.  He also seeks treble damages for unpaid commissions he earned and to which he is entitled.

## PARTIES

4.  Plaintiff is a 63 year old man residing at 34 Hawthorne Mead Drive, Glastonbury, CT 06033.

5.  Defendant C.P. Bourg, Inc. is a privately held corporation with a principal place of business at 50 Samuel Barnet Blvd., New Bedford Business Park, New Bedford, MA  02745.

6.  C.P. Bourg is a "person" within the meaning of the Age Discrimination in Employment Act, 29 U.S.C.  § 630(a).

7.  C.P. Bourg is engaged in an industry affecting commerce and employs 50 or more employees, and is an "employer" within the meaning of the Age Discrimination in Employment Act, 29 U.S.C.  § 630(b).

8. C.P. Bourg is an "employer" as defined in G.L. c. 149, §150.

## JURISDICTION AND VENUE

9.  This suit is brought and jurisdiction lies pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 630, as well as 28 U.S.C. § 1331, 1332 and 28 U.S.C. §§ 2201 and 2202.  Supplemental jurisdiction also lies pursuant to 28 U.S.C. § 1367.

10.  All conditions precedent have been complied with:

a.  A charge alleging discrimination by the defendant on the basis of Mr. Ayer's age was filed at the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

  b. On December 17, 2003, Mr. Ayers received a Notice of Right to Sue from the EEOC.

  c. This complaint has been filed within 90 days of receipt of the Notice of Right to Sue.

  d. On August 15, 2003, Mr. Ayers received an authorization from the Attorney General to pursue a private right of action regarding the G.L. c. 149 § 148 claims.

  11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 630 insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Bristol in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

STATEMENT OF FACTS

  12. Over years of dedicated service Mr. Ayers received accolades, as well as promotions, merit increases, increased commission and bonuses.

  13. Mr. Ayers began as a Sales Representative and was rapidly promoted to Sales Manager.

  14. Two years later Mr. Ayers was promoted to the New England Branch Manager position.

  15. Mr. Ayers was thereafter promoted to Director of Branch Operations for the New York and New England Branches.

  16. After two years as Director of Branch Operations Richard Trapilo told Mr. Ayers that that the position "was too much for one person."

17. Mr. Trapilo proceeded to put a younger person in that position to replace Mr. Ayers.

18. On or around April 2001, after removing Mr. Ayers from his job in favor of a younger employee, Mr. Trapilo told him that he would be moved into a position requiring him to spend four days and nights per week away from home.

19. Mr. Trapilo knew that this would place a tremendous additional burden on Mr. Ayers and his family, in view of his having a young child at home.

20. On or around June 2001, Mr. Ayers felt he had no other options but to discuss part-time work alternatives with Mr. Trapilo.

21. On or around October 2001, Mr. Trapilo offered Mr. Ayers a position which would have required him to take a significant pay cut which was not at all commensurate with his experience and service to the company.

22. At that time, Mr. Ayers asked to resume his Branch Manager position, which request was denied.

23. In January 2002, Mr. Ayers was made a full-time Digital Account Specialist working exclusively with Xerox and also maintained a number of key national accounts at the request of his then boss, James Tressler.

24. Although Mr. Ayers compensation in this new position was unsatisfactory to him, he was told that he would be "taken care of" and given a raise in April.

25. When the new compensation package came out in April 2002, Mr. Ayers was not given an increase as promised.

26. In April 2002, despite no increase in pay, Mr. Ayers was given

added responsibilities by Mr. Tressler.

27. Halfway through that fiscal year in October 2002, Mr. Ayers had exceeded the sales goals for the year set for him by the company.

28. Two weeks prior to Mr. Ayers' termination, he was asked by Mr. Trapilo how long he intended to continue working for the company and Mr. Ayers told him that he intended to work for four more years.

29. Mr. Trapilo's comment upon hearing this was "great, that is what I wanted to hear."

30. On October 24, 2002, at the age of 63, despite meeting and exceeding his and the company's sales goals for 2002 and closing a key deal with National Life of Vermont, for which the purchase was received four days after termination, C.P. Bourg terminated Mr. Ayers' employment.

31. Mr. Ayers was terminated from his employment with C. P. Bourg despite many years of dedicated service to the company, excellence in sales and service and repeated acknowledgment of his good performance and capabilities.

32. Mr. Ayers was the eldest member of the area sales force at the time he was terminated.

33. Another of the eldest members of the area sales force was also terminated on or around that time.

34. C.P. Bourg's United States office, headquartered in New Bedford, Massachusetts engaged in a pattern and practice of age discrimination in its treatment and layoffs of older workers.

35. At the time of Mr. Ayers' termination, he was deprived of the

commission owed to him on a sale that he was responsible for closing.

36. On August 15, 2003, Mr. Ayers submitted a quote to National Life of Vermont.

37. The sale was finalized due to Mr. Ayers' work alone.

38. Mr. Ayers reported this information to Mr. Tressler and Mr. Trapilo and they were well aware of this sale prior to and at the time they terminated Mr. Ayers.

39. Although it was Mr. Ayers who made this sale, he was deprived of the earned commission totaling over $20,000.

40. As a result of C.P Bourg's treatment, Mr. Ayers has suffered and will continue to suffer substantial damages, including lost back and future wages and commissions.

41. As a result of the discriminatory treatment Mr. Ayers has suffered and will continue to suffer substantial damages, including the emotional anguish, humiliation and distress.

42. C.P Bourg's discriminatory actions were in willful violation of Mr. Ayers' civil rights under the ADEA.

COUNT I
VIOLATION OF M.G.L. c. 149

43. The Plaintiff repeats and realleges Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. The Plaintiff worked for the Defendant and earned a guaranteed commission in excess of $20,000 for a sale to National Life of Vermont and the

failure of the Defendant to pay the Plaintiff the guaranteed commission constitutes violations of the M.G.L. c. 149 § 148, 150.

45. Despite the Plaintiff's demand for payment, the Defendant has refused to pay the Plaintiff that guaranteed commission.

## COUNT II
## DISCRIMINATION BASED ON AGE
## IN VIOLATION OF 29 U.S.C. § 621 et seq.

46. Plaintiff repeats the allegations set forth in paragraphs 1 through 45 above, and incorporates those allegations as if fully set forth herein.

47. The actions and omissions of the defendant constitute unlawful discrimination against Plaintiff based on his age in violation of the Age Discrimination in Employment Act, as codified at 29 U.S.C. § 621 et seq.

48. The discriminatory actions and omissions of the defendant have caused, and continue to cause and will cause Mr. Ayers to suffer substantial damages, including but not limited to the loss of employment benefits, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff William Ayers prays the Court to grant him the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

7

3. That the plaintiff be awarded liquidated damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded treble damages for unpaid commissions owed by the defendant.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff William Ayers demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF WILLIAM AYERS
By his attorney,

Dated:  July 9, 2004

\_\_\_/s/ Suzanne Garrow_____

Suzanne Garrow BBO# 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103
(413) 788-7988