UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WILLIAM AYERS,
Plaintiff

V.

C.P. BOURG, INC.,
Defendant

CIVIL ACTION NO. 04-10137-FDS

## CONFIDENTIALITY STIPULATION

The plaintiff, William Ayers, and the defendant, C.P. Bourg, Inc., by and through their respective counsel, hereby stipulate and agree to this Confidentiality Agreement ("Agreement") and Protective Order to limit access to and use of proprietary, confidential information in the above-captioned litigation (the "Action"), including but not limited to that contained in the production by both parties of information during the discovery process. Accordingly, it is hereby **STIPULATED** and **AGREED** as follows:

1. (a) Counsel for any party, person or entity (hereinafter "Person") subject to discovery in the Action may designate as "Confidential" any files, documents, physical evidence, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action which such Person believes in good faith constitutes or reveals confidential, non-public business or personal information.

    (b) Counsel for any Person subject to discovery in the Action may designate as "Confidential-Attorneys' Eyes Only" any files, documents, physical evidence, deposition testimony, and information furnished by that party in

{H:\PA\Lit\01126\15042\A0741350.DOC}

the course of pretrial discovery in the Action which such Person in good faith believes is of such a commercially sensitive nature that disclosure to persons other than those specified herein in paragraph 6 would reasonably be expected to result in injury to the designating party. Examples of documents or other material that are properly classifiable as "Confidential-Attorneys' Eyes Only" include, but are not necessarily limited to, financial information, marketing information, customer data or scientific information and know-how.

(c)  The designation by any Person of any document, material or information as "Confidential" or "Confidential-Attorneys' Eyes Only" shall constitute a representation that such document, material or information has been reviewed by an attorney for the Person and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

2.  "Confidential" or "Confidential-Attorneys' Eyes Only" materials will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any related action and any appellate proceedings in the Action or any related appellate proceedings.

3. Any documents or other tangible materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be so designated by stamping the material or at least the first page of any document with the legend "Confidential" or "Confidential-Attorneys' Eyes Only," respectively, or a substantially similar legend, at the time of their production.

4. Any deposition or other testimony may be designated as "Confidential " or "Confidential-Attorneys' Eyes Only" by any one of the following means:

    (a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or "Confidential-Attorneys' Eyes Only" or that the entire deposition transcript is so designated; or

    (b) sending written notice within thirty (30) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential" or "Confidential-Attorneys' Eyes Only." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential-Attorneys' Eyes Only" until thirty (30) business days after the transcript of the deposition has been received by the party whose "Confidential" or "Confidential-Attorneys' Eyes Only" materials are involved.

5. Discovery materials designated "Confidential," which for the purposes of this paragraph does not include materials designated "Confidential-Attorneys' Eyes Only," shall not be disclosed by the party receiving such materials to persons other than:

    (a) the United States District Court for the District of Massachusetts or any other court exercising appellate jurisdiction with respect to the determinations of that Court (collectively, the "Court"), court officials and

employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party or the members of the upper-level management of any named party;

(c) counsel to the parties in the Action who have entered appearances in the Action and corporate or inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(d) clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials only to the extent reasonably necessary to assist such counsel in these proceedings:

(e) any jurors and alternate jurors;

(f) the insurers and reinsurers of the parties to these proceedings or of the officers, directors, partners and employees of such parties, and the officers, directors, partners, employees, and counsel of such insurers and reinsurers, to the extent reasonably necessary to assert, investigate, respond to or perform other work in connection with any claim for insurance coverage;

(g) a non-party who authored or previously received the confidential information through lawful means;

(h) any expert or consultant as provided in paragraph 7 below; and

(i) any other person to whom the parties agree in writing.

6. Documents, materials or other information designated "Confidential-Attorneys' Eyes Only" shall be held in confidence by counsel for the party receiving discovery and shall not be discussed, revealed or disclosed by such counsel in any manner or form, with or to any person or entity other than the persons identified in Subparagraphs 5(a), (c), (d), (e), (f), (g), (h) or (i). Counsel for the party receiving information designated as "Confidential-Attorneys' Eyes Only" may, if such counsel reasonably believes such information is necessary for use in further testimony, motions or as an exhibit in the prosecution in the case, notify counsel for the producing party in writing of their need to provide such information to the party receiving such information. Counsel for the producing party shall thereupon have seven (7) days to file a motion for protective order regarding release of such information to the receiving party. Counsel for the receiving party shall disclose such information to their client until either (a) seven (7) days have passed since provision of notice to the producing party and no motion for a protective order has been filed or (b) the Court has ruled on the protective order request made by the producing party. In any event, such information shall at all times be considered as being at least "Confidential" under the terms of this agreement.

7. "Confidential" or "Confidential-Attorneys' Eyes Only" materials may be provided to qualified experts or consultants retained by counsel in connection with the Action only to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution of the action, provided that such expert or consultant; (a) is using said information solely in connection with the Action; (b) executes a copy of the acknowledgment attached as *Exhibit A* to this Agreement agreeing in writing to be bound by the terms and conditions of this Agreement and consenting to the jurisdiction of the United

States District Court for the District of Massachusetts for purposes of enforcement of the terms of this Agreement; (c) agrees not to disclose or use such confidential discovery materials for purposes other than those permitted hereunder; and (d) has expertise in the field to which the information relates.

8. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving "Confidential" or "Confidential-Attorneys' Eyes Only" information. Such acknowledgements shall be available for inspection by counsel for all parties to this action after the final termination of this Action.

9. If any party objects to the designation of any discovery materials as "Confidential" or "Confidential-Attorneys' Eyes Only," the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" or "Confidential-Attorneys' Eyes Only" (as designated by the producing party) under the terms of this Agreement. In any court proceeding regarding confidential information, the burden shall be on the party asserting the claim of confidentiality to demonstrate that any document or information is "Confidential" or "Confidential-Attorneys' Eyes Only."

10. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" or "Confidential-Attorneys' Eyes Only" materials in connection with this Action.

11. Nothing herein shall be construed to affect in anyway the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a

waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" or "Confidential-Attorneys' Eyes Only" materials.

12. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

13. Nothing herein shall preclude any party from applying to the Court for an order modifying this Agreement, or shall preclude any modification of this Agreement with the consent of all parties hereto.

14. This Agreement shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this Agreement. Any Person may move the Court for a modification of or relief from this Agreement at any time upon notice to all parties.

| | |
|---|---|
| WILLIAM AYERS,<br>By his attorney,<br><br>*Suzanne Garrow /md*<br>_____<br>Suzanne Garrow, Esq.<br>BBO #636548<br>Heisler, Feldman & McCormick, P.C.<br>1145 Main Street, Suite 508<br>Springfield, MA  01103<br>(413) 788-7988<br><br><br>Dated: 1/31/05 | C.P. BOURG, INC.<br>By its attorneys,<br><br>*/s/*<br>_____<br>Richard C. Van Nostrand, Esq.<br>BBO #507900<br>Michael D. Badger, Esq.<br>BBO #633915<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax:    (508) 791-8502 |