UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          :
WILLIAM AYERS,                            :
                                          :
        Plaintiff,                    :
                                          :
v.                                        :
                                          :   DOCKET NO.  04-cv-10137-FDS
                                          :
C. P. BOURG, INC.                         :
                                          :
        Defendant.                    :
_____:

**MOTION TO AMEND COMPLAINT**

      Pursuant to Fed. R. Civ. P. 15(a) the plaintiff respectfully moves the Court allow him to amend their Complaint.

      When a party files a motion for leave to amend her Complaint, Federal Rule of Civil Procedure 15(a) provides "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ; see generally 6 Charles Alan Wright et al., Federal Practice And Procedure §§ 1473 & 1483 (2d ed.1990).  The liberal granting of motions for leave to amend reflects the notion that pleadings should allow a claim to be heard on its merits. See Foman, 371 U.S. at 181-82.

      As grounds for this motion, the plaintiff asserts that since the filing of his Complaint with this Court, he has learned of an additional claim for relief.   In particular, the plaintiff alleges that he was terminated in bad faith violation of an implied covenant of good faith and fair dealing.  The evidence adduced thus far at depositions, which are currently ongoing, supports an allegation that Mr. Ayers supervisors were aware that he had performed the work necessary to complete an

imminent sale.  Moreover, that he was due a certain level of commission above the base rate based on attaining his sales goals for the year.  He was terminated in bad faith ostensibly to deny him payment of his full commission on this sale in breach of the implied covenant of good faith in his at will employment contract.  <u>See</u> <u>e.g.</u> <u>Fortune v. National Cash Register Co.</u>, 373 Mass. 96 (1977); <u>See also</u> <u>King v. Driscoll</u>, 424 Mass. 1, 12 (1996).  These additional acts and omissions relate to the subject matter of the operative Complaint.

    Justice and judicial economy will be served by allowing the filing of the Second Amended Complaint as the trial preparation will be parallel and many witnesses will be the same.  Moreover, no additional discovery is necessary to pursue or defend this claim and no delay will result from allowing the plaintiff's Motion to Amend.

                                     Respectfully submitted,
                                     PLAINTIFF
                                   By his Attorney,

Dated:  May 19, 2005                  /s/ Suzanne Garrow
                                   Suzanne Garrow BBO# 636548
                                   Heisler, Feldman & McCormick, P.C.
                                   1145 Main Street, Suite 508
                                   Springfield, MA 01103
                                   (413) 788-7988

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

    I certify that the parties have conferred and have attempted in good faith to resolve or narrow the issues raised in this motion and have not been able to reach agreement on the issues.

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and accurate copy of the above was served on the attorneys of record for the defendant via electronic mail on May 19, 2005.

 /s/ Suzanne Garrow